EUGENE SISCO, Respondent, *v.* THE LEHIGH AND HUDSON RIVER RAILWAY COMPANY, Appellant.

*Negligence — charge of the court in relation thereto — damages for personal injuries.*

In an action brought to recover damages for personal injuries alleged to have been caused by the negligence of a railway company, it was shown that the plaintiff was a brakeman, and that while climbing up the side of a car in the discharge of his duties he was struck and injured by the arm of a mail crane which projected so as to come within twelve inches of such car.

The mail crane had been erected for about four weeks, and the plaintiff had passed it three times before the accident. He had received no notice of its erection and there was no evidence of any necessity for the projecting arm to come within twelve inches of the side of the car.

*Held,* that it was proper for the trial court to refuse to charge that the nearness of the structure to the track was no evidence of negligence.

APPEAL by the defendant, The Lehigh and Hudson River Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 5th day of July, 1893, upon the verdict of a jury for $8,000, after a trial at the Orange County Circuit, with notice of an intention to bring up for review upon such appeal an order

entered in said clerk's office on the 26th day of June, 1893, denying the defendant's motion to set aside the verdict, and for a new trial made upon the minutes.

The complaint in this action alleged the incorporation of the defendant, the employment of the plaintiff by it, the accident to the plaintiff caused by the defendant's negligence, and the plaintiff's personal injuries sustained by reason thereof, to his damage to the extent of $10,000, for which sum judgment was demanded.

*John J. Beattie,* for the appellant.

*John W. Lyon,* for the respondent.

PRATT, J.:

Plaintiff was a brakeman employed by defendant, and while climbing up the side of a freight car in the discharge of his duty was hit and injured by the arm of a mail crane which projected within twelve inches of the car. The structure had been erected about four weeks, and plaintiff had passed it three times before the accident. He had received no notice of its erection.

The jury was instructed that in order to find a verdict for plaintiff it must find that the appliance was unsafe, insecure or dangerous, and that reasonable care by defendant would have discovered the danger.

The court refused to charge that the nearness of the structure to the track was no evidence of negligence.

We are of opinion that there was nothing in these instructions of which defendant can complain.

The case is bare of any evidence that any necessity existed for the projecting arm to come within twelve inches of the side of the car up which brakemen must climb. So far as appears the arm might have been twice as far from the car and yet have performed its work equally well.

If that were so, the negligence of defendant seems clear.

We do not find that plaintiff was negligent.

The judgment should be affirmed, with costs.

DYKMAN, J., concurred; CULLEN, J., not sitting.

Judgment and order denying motion for new trial affirmed, with costs.